**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4722**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

RICHARD OMAR MCCORMICK,

Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (5:18-cr-00100-BO-2)

Argued: September 24, 2021                    Decided: October 25, 2021

Before WILKINSON, WYNN, and HARRIS, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

**ARGUED:** Steven Paul Hanna, Richmond, Virginia, for Appellant. Joshua L. Rogers, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee. **ON BRIEF:** Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Richard Omar McCormick was charged by indictment with multiple offenses related to firearms and drug distribution. Pursuant to a written plea agreement, McCormick pled guilty on two counts: conspiracy to distribute and possess with intent to distribute 280 grams or more of cocaine base and a quantity of cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A), (b)(1)(C), 846; and possession with intent to distribute a quantity of cocaine in violation of 21 U.S.C. § 841(a), (b)(1)(C).

McCormick's presentence report ("PSR") recommended a Sentencing Guidelines range of 188 to 235 months' imprisonment. But the government and McCormick's counsel agreed to a downward variance to 135 months' imprisonment, which they jointly recommended at sentencing. Without explanation, the district court accepted that recommendation and imposed a 135-month sentence.

The district court also sentenced McCormick to five- and three-year terms of supervised release on his two convictions. At sentencing, and again without explanation, the district court orally imposed several conditions of supervised release: McCormick shall not "violate any federal, state, or local law"; shall not "use or associate with any controlled substance or dangerous weapon"; shall "remain gainfully employed"; and shall "support any dependents." J.A. 41.

The written judgment, however, listed multiple additional conditions of supervised release, some standard and some special. The special conditions prohibited McCormick from incurring "new credit charges or open[ing] additional lines of credit without approval of the probation office" and required him to provide the probation office with "access to

2

any requested financial information," consent to warrantless searches "to determine compliance" with his supervised release conditions, and, in addition to supporting dependents, "meet other family responsibilities." J.A. 46–47. The written judgment also ordered McCormick to forfeit certain property.

McCormick noticed a timely appeal, and his counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there were no meritorious grounds for appeal but questioning whether the district court procedurally erred by accepting the PSR's Guidelines calculation of 188 to 235 months' imprisonment. After independently reviewing the record under *Anders*, 386 U.S. at 745, this court identified additional questions regarding the validity of McCormick's guilty plea and certain aspects of his sentence and directed counsel to provide supplemental briefing.

We turn first to McCormick's guilty plea. Counsel briefed the validity of McCormick's plea at our request, but, crucially, McCormick has made no representation to counsel, to this court, or to the government that he wishes to withdraw his plea. In this posture, that is enough to dispose of the issue. Because McCormick did not move in the district court to withdraw his plea or otherwise object to the plea hearing, our review is for plain error only. *United States v. Sanya*, 774 F.3d 812, 815–16 (4th Cir. 2014). Under that standard, McCormick would be required to show that any error related to his plea affected his substantial rights because there is "a reasonable probability that, but for the error, he would not have pleaded guilty." *Id.* at 816 (internal quotation marks omitted). In the absence of any indication that McCormick has reconsidered his decision to plead guilty, that standard cannot be met.

We next consider McCormick's sentence. Upon our request, counsel briefed several sentencing issues, including whether the district court adequately explained its sentence and whether its forfeiture order was procedurally proper. We need address only one of those issues here, however. As the government concedes, the district court erred by imposing discretionary conditions of supervised release in its written judgment that were not orally pronounced at sentencing. *See United States v. Singletary*, 984 F.3d 341, 345 (4th Cir. 2021); *United States v. Rogers*, 961 F.3d 291, 297–98 (4th Cir. 2020). As the government also recognizes, because discretionary conditions that appear for the first time in a written judgment are "nullities," this issue falls outside the appeal waiver in McCormick's plea agreement. *See Singletary,* 984 F.3d at 344, 345. The proper remedy is to vacate McCormick's sentence in its entirety and remand for resentencing. *See id.* at 344, 346 n.4. Given this determination, we have no occasion to consider additional arguments about McCormick's now-vacated sentence or whether they are barred by his appeal waiver. *See id.* at 344, 346.

For the foregoing reasons, we affirm McCormick's convictions, vacate his sentence, and remand for resentencing.

*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*

4